UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                   :
UNITED STATES OF AMERICA     :
                                                   :        CASE NO. 1:10-CR-00409
                Plaintiff,              :
                                                 :
vs.                                                :        OPINION & ORDER
                                                 :        [Resolving Doc. No. 27]
FRED A. BRINDLE,                 :
                                               :
                Defendant.            :
                                               :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Defendant Fred Brindle files motion under Federal Rule of Criminal Procedure 38, requesting that this Court stay payment of the fine imposed pending appeal of his sentence. [Doc. 27.] The government opposes the motion. [Doc. 29.]

       On October 29, 2010, the Defendant pled guilty to attempting to board an aircraft while in possession of a .38 Ruger special revolver in violation of 49 U.S.C. § 46505(b). [Doc. 14.] On January 20, 2011, the Court sentenced Defendant Brindle to a term of three years probation, a $75,000 fine, and a $100 special assessment. [Doc. 26.] The Court allowed the Defendant to credit $5,000 previously paid to the TSA against the $75,000 fine and ordered that balance of the fine and special assessment be paid immediately. [*Id.*]

       The Defendant now requests that the Court stay execution of the fine during the pendency of his appeal, saying that immediate payment of the balance of the fine would be an undue financial

-1-

Case No. 1:10-CR-00409
Gwin, J.

hardship. [Doc. 27.] In support of his position, the Defendant says that the fine would constitute over half of this year's income, would deplete his savings, and may also have adverse tax consequences. [*Id.*] In opposition, the government says that immediate payment of the fine would not be a hardship, pointing out that the Defendant's net worth is over $4 million, that the Defendant earns approximately $144,000 per year and, that the Defendant has a positive monthly cash flow of over $4,000. [Doc. 29.] The government also notes that these figures do not include potential revenue from the Defendant's sale of his sizeable and valuable collection of firearms. [*Id.*]

The Court does not find the Defendant's argument persuasive. According to the Pre-Sentence Investigation Report, the Defendant is currently sixty-seven years old, and possesses checking accounts containing approximately $237,000, business holdings worth $78,000, stocks and bonds worth approximately $97,500, unencumbered assets worth $142,000, real estate worth approximately $281,000, and trust assets worth approximately $3.2 million. In total, the Defendant's net worth is close to $4.1million dollars. Additionally, after all living expenses are deducted, the Defendant's total positive monthly cash flow is over $4,000. The Defendant's only outstanding debt is $22,000, which remains owed on a 2007 BMW 530.

The decision whether to stay a fine pending appeal is within the discretion of the Court. *See* Fed. R. Crim. P. 38(c); *United States v. Tallant*, 407 F. Supp. 896, 897 (N.D. Ga. 1975), *affirmed* 547 F.2d 1291 (1977), *certiorari denied*, 434 U.S. 889 (1977). Here, the Court finds that the Defendant will suffer minimal – if any – financial hardship by making immediate payment of the balance of the fine. Rather, even after payment of the fine, the Defendant will still retain assets and income far exceeding that of most individuals. Indeed, immediate payment of the fine would deplete the Defendant's total assets by less than 2%, a calculation that does not even include the potential

Case No. 1:10-CR-00409
Gwin, J.

revenue from the sale of his valuable gun collection. *United States v. Taylor*, 443 F.3d 31 (1971) (holding that defendant is not required to deposit $20,000 fine or post bond pending disposition of appeal where defendant's liabilities exceeded assets by more than $21,000). Unlike in *Taylor*, where the Defendant's liabilities far exceeded his assets, Defendant Brindle possesses great financial assets and will suffer no undue burden or hardship if payment is not stayed. The Court, therefore, **DENIES** the Defendant's motion requesting a stay of payment of the fine pending appeal

    IT IS SO ORDERED.


Dated: January 28, 2011　　　　　　　　　　*s/ James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE